U.S. DISTRICT COURT
**NORTHERN** DISTRICT OF TEXAS
**FILED**

JAN 2 4 2011

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT BYRD, §
§
                    Petitioner, §
§
v. § No. 4:10-CV-715-A
§
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
                    Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Robert Byrd, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. Factual and Procedural History

On March 27, 2008, a jury convicted petitioner of engaging in organized criminal activity in the 355th Judicial District Court of Hood County, Texas, and assessed his punishment at 99

years' confinement and a $10,000 fine.[1] (State Habeas R. at 79)
Petitioner appealed his conviction, but the Second District Court
of Appeals of Texas affirmed the trial court's judgment on March
12, 2009. *Byrd v. Texas*, No. 02-08-124-CR, slip op. (Tex.
App.–Fort Worth Mar. 12, 2009) (not designated for publication).
On March 27, 2009, petitioner filed a motion for extension of
time to file a motion for rehearing and, on April 8, 2009, he
filed a motion for rehearing in the court of appeals, which were
both denied on April 16, 2009. ("Docket Sheet" in appeal no. 02-
08-124-CR). On May 11, 2009, petitioner filed a petition for
discretionary review (PDR), which was dismissed as untimely by
the Texas Court of Criminal Appeals August 19, 2009.[2] *Ex parte
Byrd*, PDR No. 991-09. Thus, petitioner's conviction became final
on Monday, April 13, 2009.[3] *See* Tex. R. App. P. 68.2(a); *Roberts*

_____

[1]Petitioner is also serving a life sentence for his 2008
capital murder conviction in McClennan County, Texas.

[2]Telephonic communication with the clerk of the court of
appeals confirmed that petitioner filed a timely motion for
extension of time to file a motion for rehearing and a motion for
rehearing. However, apparently, because the court of appeals
denied his motion for extension of time, the Texas Court of
Criminal Appeals treated petitioner's motion for rehearing as
untimely filed.

[3]April 11, 2009, fell on a Saturday. Therefore,
petitioner's conviction did not become final until Monday, April
(continued...)

*v. Cockrell*, 319 F.3d 690, 694 (5ᵗʰ Cir. 2003).

On January 6, 2010, prior to seeking state habeas relief, petitioner filed a federal habeas petition in this court challenging his conviction, which was dismissed on June 3, 2010, on exhaustion grounds. *Byrd v. Thaler*, No. 4:10-CV-021-A. On July 2, 2010,[4] petitioner filed a state habeas application, which was denied without written order by the Texas Court of Criminal Appeals on September 8, 2010. *Ex parte Byrd*, Appl. No. WR-74,371-01. This second federal petition was filed on September 24, 2010.

The facts relevant to this case are set forth in the court's memorandum opinion in petitioner's prior federal habeas action.

---

[3](...continued)
13, 2009.

[4]Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *See Howland v. Quarterman*, 507 F.3d 840, 843-44 (5ᵗʰ Cir. 2007). However, recently, the Texas Court of Criminal Appeals, like the United States Supreme Court and the Texas Supreme Court, adopted the prisoner mail box rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *See Spotville v. Cain*, 149 F.3d 374, 377 (5ᵗʰ Cir. 1998); *Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex. Crim. App. 2010). Although petitioner executed the "Inmate's Declaration" reflected on page 11 of his state habeas application on June 21, 2010, there is no indication when he placed the application in the prison mailing system. Thus, he is not given the benefit of the prison mailbox rule.

*Byrd*, No. 4:10-CV-021-A, slip copy, at 2-4.

## II.  Issues

Byrd raises two grounds for relief:

(1)  There is no evidence to support his conviction and he is actually innocent; and

(2)  He received ineffective assistance of counsel on appeal.  (Pet. at 7-8; Pet'r Mem. at 7-14)

## III.  Statute of Limitations

As a preliminary matter, respondent claims the petition is time-barred.  28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that

right has been newly recognized by the
Supreme Court and made retroactively
applicable to cases on collateral review; or

    (D)   the date on which the factual
predicate of the claim or claims presented
could have been discovered through the
exercise of due diligence.

    (2)   The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the
limitations period began to run on the date on which the judgment
of conviction became final by the expiration of the time for
seeking direct review.  For purposes of this provision,
petitioner's conviction became final on April 13, 2009,
triggering the one-year limitations period, which expired one
year later on April 13, 2010, absent any tolling.  *See Roberts*,
319 F.3d at 694.

The limitations period was not statutorily tolled during the
pendency of petitioner's prior federal petition from January 6,
2010, through June 3, 2010.  *See Duncan v. Walker*, 533 U.S. 167,
181-82 (2008).  Nor did petitioner's state habeas application
filed on July 2, 2010, after the limitations period had already

expired, operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is untimely if petitioner is not entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). Although the filing of petitioner's first federal petition does not statutorily toll the statute of limitations, equitable considerations may make it appropriate to toll the limitations period during an unexhausted federal habeas petition. *Duncan v. Walker,* 533 U.S. 167, 183-84 (2001) (Stevens, J., concurring). The mere filing of such a petition is insufficient of itself to invoke those principles. *See Murphy v. Thaler*, No. 3:09-CV-2132-M, slip copy, 2010 WL 183975, at *4 (N.D.Tex. Jan. 19, 2010).

Petitioner explains that—

[H]e only filed a 2254 because due process under
Tex. Crim. Code of Proc. art. 44.33(b) is clear the
Texas appeal courts can't dismiss an appeal to untimely
filing. Yet the court did it anyhow so it didn't have
to rule. Byrd had to go to this honorable higher court
to force them to rule or refuse Byrd. By law under

2254 Byrd had to put all claims he sought on first
petition or he would be barred on second petition if
forced back to state court. Subsequently this court
dismissed Byrd's claims for exhaustion purposes. A
reason by law Byrd had to put on his 2254. He was
penalized for obeying the A.E.D.P.A. rules.

(Pet'r Resp. at 3)

Petitioner has not shown extraordinary circumstances beyond
his control that made it impossible to file a federal petition on
time—the filing of the first federal petition and its dismissal
for his failure to exhaust state remedies do not qualify as such
circumstances. Petitioner chose to file his first federal
petition before exhausting his remedies in the state courts.
Whether he knew the legal ramifications of such filing is
immaterial. *See Murphy*, No. 3:09-CV-2132-M, 2010 WL 183975, at
*4 & n.3. Ignorance of the law or of statutes of limitations is
insufficient to warrant tolling. *Felder v. Johnson*, 204 F.3d
168, 172 (5th Cir. 2000).

Nor did anything occur during the pendency of petitioner's
initial federal petition, which was resolved within 148 days of
petitioner placing it in the prison mailing system, to warrant
application of equitable tolling. *See id*. at *4 n.4. After
being alerted of the exhaustion requirement, petitioner sought a
"stay and abeyance" in the previous federal habeas action so that

he could return to state court to exhaust his claims, but this court denied a stay. The court addressed the issue as follows:

Petitioner seeks a "stay and abeyance" of the action so that he may return to state court for purposes of exhausting his claims. A dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In light of this dilemma, federal courts have the authority to stay a habeas petition and hold it in abeyance while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). Such stays, however, are available only under limited circumstances. *Id.* at 277. Stay and abeyance is only appropriate when three requirements are met: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and, (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Petitioner claims he was ignorant of filing deadlines and forced to represent himself after his conviction was affirmed by the state court of appeals. He further claims he did not file a state habeas application because the Texas Court of Criminal Appeals conspired against him by illegally dismissing his petition for discretionary review as untimely. Neither pro se status nor ignorance of the law and filing deadlines constitutes good cause for petitioner's failure to exhaust his state remedies. See *Taylor v. Sherry*, No. 07-CV-14298, 2009 WL 596241 at *2 n.3 (E.D.Mich. Mar.9, 2009), *citing Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir.), *cert. denied*, 543 U.S. 989 (2004)(pro se status does not constitute "good cause" for failure to exhaust state remedies and, therefore, does not justify stay-and-abeyance procedure); *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (same as to ignorance of the law). Further, petitioner's claim that the Texas Court of Criminal Appeals conspired to illegally dismiss his petition for discretionary review

lacks any factual basis whatsoever and is legally
incorrect. Petitioner has not demonstrated good cause
for his failure to exhaust his claims in state court,
thus it is unnecessary to address the remaining two
*Rhines* factors.

*Byrd*, No. 4:10-CV-021-A, 2010 WL 2228548, at *3-4.

Petitioner was well aware that dismissal of his prior

petition could result in a subsequent habeas petition being

barred by the one-year statute of limitations set forth in 28

U.S.C. § 2244(d). Thus, petitioner was not actively deceived by

this court and is not entitled to equitable tolling during the

pendency of his first federal petition.

Petitioner also claims equitable tolling is appropriate

because he was misled by the state courts as follows:

Instead of issuing Byrd a final conviction notice
on April 13, 2009, the court instead decided [to]
accept Byrd's motion for rehearing and ruled against
it. That was on April 16, 2009. Still they never
issued a final conviction notice as law. Byrd then
believed he filed a proper PDR extension of time on May
11 because the court excepted [sic] it and granted it.
On August 19, 2009, the court dismissed Byrd's petition
as untimely. On October 18th 2009 - 30 days after
direct review ended - the Second Court of Appeals
issued a final conviction notice effecting Byrd's
direct review as ended.

Byrd diligently sought 11.07 as ordered, and the
state dismissed it "without a written order." They
just refuse to hear Byrd and won't say why. Byrd
properly filed a second petition.

Byrd also claims "no evidence," which is "actual

9

innocence" claim, and is not time barred under A.E.D.P.A. rules ever.

Byrd was misled by the state because they granted his extension of time on P.D.R. and ruled on his rehearing in direct appeal court after time to do so expired. And didn't officially declare his direct review over until October 18, 2009 [the date mandate issued in the appellate court]. Clearly misleading Byrd [be]cause A.E.D.P.A. rules say when direct review is over. In Texas, review is over when the court of appeals files [a] motion to make it final. And with Byrd's case it says October 18, 2009, not April 13, 2009.

Byrd's predicate date should be October 18, 2009. Byrd filed his first & second petitions in federal court, and even 11.07 was filed, before October 18, 2010. So limitations have not ran out.

Texas . . . mislead [sic] Byrd to believe his appeal was active by **A)** ruling on his motion for rehearing in direct court, instead of ignoring it, **B)** granting Byrd's extension of time on P.D.R., and **C)** issuing direct review over on October 18, 2009. And that is the predicate date and is on record. Thus Byrd is not time barred.

(Pet'r Resp. at 2-4) (emphasis added)

First, it is well settled in this circuit that a state conviction becomes final for purposes of § 2244(d)(1)(A) when the time for seeking direct review expires, regardless of when the state court issues its mandate. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, date of affirmance by the appellate court, and not date of mandate, triggered the running of the federal limitations period. When a petitioner's failure

to file within the limitations period is attributable solely to his mistaken assumption about the applicable law, equitable tolling is not available. *See Fierro v. Cockrell*, 294 F.3d 674, 680-982 (5th Cir. 2002). Petitioner's own error in relying upon the state court's issuance of mandate, is not an exceptional circumstance warranting equitable tolling. Furthermore, neither petitioner's lack of knowledge of the law and filing deadlines nor his claim of actual innocence constitute rare and exceptional circumstance permitting equitable tolling. *See Felder,* 204 F.3d at 171; *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002).

Finally, although equitable tolling may be appropriate in cases where a court has misled a plaintiff regarding filing requirements or deadlines, the record does not support a finding that petitioner was actively misled by the state courts here, notwithstanding the fact that a review of the state court records presents a somewhat confusing scenario of postconviction events and, even possibly, a state court error in calculating filing deadlines. *Compare Prieto v. Quarterman,* 456 F.3d 511, 515 (5th Cir. 2006) (applying equitable tolling where petitioner relied on district court's order extending deadline to file federal habeas petition). However, even assuming state court error, petitioner waited nearly five months to file a federal petition after the

Texas Court of Criminal Appeals dismissed his PDR on August 19, 2009, and any state misconduct ended, and he waited nearly eleven months to seek state post conviction relief and only after filing his improvidently filed initial federal petition. *See Webb v. Dretke,* 165 Fed. Appx. 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's separate 11-month delay in seeking state postconviction relief). In short, without adequate explanation for such delay, the circumstances of this case are not extraordinary enough to qualify for equitable tolling.

Petitioner's federal petition was due on or before April 13, 2010, absent any tolling. Accordingly, his petition filed on September 27, 2010, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED January 2 4 , 2011.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE